UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD LEGRONE,

          Plaintiff,

   v.

KING COUNTY, et al.,

          Defendants.

Case No. C23-1102-LK-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff Donald LeGrone is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, and proceeds *pro se* in this 42 U.S.C. § 1983 civil rights action. He brings claims relating to events occurring during his confinement as a pretrial detainee at King County Correctional Facility (KCCF). Dkt. 7. He names King County, King County Sheriff Patti Cole-Tindall, and Allen Nance, Director of Department of Adult and Juvenile Detention, as Defendants. *Id*.

Now pending before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 14. Plaintiff did not respond to the motion. The Court,

REPORT AND RECOMMENDATION - 1

having considered the motion and the balance of the record, concludes that Defendants' Motion to Dismiss should be GRANTED and this case DISMISSED.

## BACKGROUND

Plaintiff alleges Defendants subjected him to cruel and unusual punishment during his confinement at KCCF from July 18, 2022 through April 18, 2023. Dkt. 7. He alleges that, with the exception of some two-to-three weeks when he was given bottled water, he was forced to drink unsafe water while KCCF was undergoing water and plumbing problems. *Id*. He also alleges that he was not given clean clothes to wear for thirty or more days at a time, was forced to remain in his cell and was not allowed to shower for more than eighty seven hours at a time, and was given only cold food for his meals. *Id*. He alleges these conditions caused a variety of physical and mental health problems, and that nothing was done to rectify the problems despite his filing of grievances. *Id*.

## DISCUSSION

Plaintiff's claims arise under 42 U.S.C. § 1983. As such, in order to sustain a cause of action, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Defendants seek dismissal of Plaintiff's claims under Rule 12(b)(6), which provides for dismissal for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally construes a pro se pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, the Court "may not supply essential elements of the claim that were not initially pled[,]" *Pena*, 976 F.2d at 471, and "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted). Also, "[i]n the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment." *Masuda v. Citibank, N.A.*, 38 F. Supp. 3d 1130, 1133 (N.D. Cal. 2014) (citing *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005)).

Defendants here argue that Plaintiff fails to sufficiently plead facts against any of the named Defendants, and that the claim regarding cold meals is frivolous. The Court, finding the arguments as to the failure to plead sufficient facts dispositive, addresses those arguments below.

A.   <u>Claims Against Individual Defendants</u>

A plaintiff in a § 1983 action must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The causation requirement is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the alleged deprivation. *Id.* (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each

1    individual defendant whose acts or omissions are alleged to have caused a constitutional

2    deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

3    Supervisory personnel may not be held liable for actions of subordinates under a theory

4    of vicarious liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor may be

5    liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is

6    'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

7    violation.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (quoting *Hansen v. Black*, 885

8    F.2d 642, 646 (9th Cir. 1989)), *overruled in part on other grounds by Peralta v. Dillard*, 744

9    F.3d 1076, 1083 (9th Cir. 2014). In other words, a supervisor will not be liable for a

10   constitutional violation committed by his or her subordinate unless the supervisor directly

11   participated in the violation or knew of the violation and failed to prevent it. *Id*. (citing *Taylor* ,

12   880 F.2d at 1045).

13   Defendants observe that Sheriff Cole-Tindall has no supervisory responsibility or

14   authority over jail operations or conditions. *See* King County Code (KCC) Charter §§ 350.20.40

15   & 2.16.060. They assert that Director Nance's supervisory responsibility over King County's

16   three jail facilities, *see* KCC § 2.16.120(A.1), does not alone suffice to create a cause of action

17   under § 1983. They further assert that Plaintiff fails to plead any facts suggesting the

18   involvement of either of the individual Defendants in the alleged constitutional violations.

19   The Court agrees with Defendants. Plaintiff does not explain how either of the individual

20   Defendants violated his rights or show a causal connection between their acts or omissions and

21   the harm alleged. Plaintiff, in fact, does not once mention either individual in describing his

22   claims. *See* Dkt. 7 at 6-10. Plaintiff, accordingly, fails to state a claim against either Sheriff

23   Cole-Tindall or Director Nance and his claims against these individuals should be dismissed.

REPORT AND RECOMMENDATION - 4

B.  Claims Against King County

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. at 691-94. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury, and must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403-04 (1997) (citing *Monell*, 436 U.S. at 694).

Defendants argue that Plaintiff's allegations against King County are no more than conclusory. They assert Plaintiff's failure to identify any specific policy or custom related to his allegations or to explain how such policy or custom was constitutionally deficient or amounted to deliberate indifference.

Again, the Court agrees with Defendants. Plaintiff, at most, states that King County is responsible for alleged constitutional violations. *See* Dkt. 7 at 6-10. He does not identify a King County custom or policy he believes caused him harm or set forth clear and specific facts demonstrating that a challenged custom or policy was the moving force behind the injury alleged. Plaintiff therefore fails to state a claim of municipal liability and his claims against King County should be dismissed.[1]

CONCLUSION

Plaintiff fails to state a claim against the named Defendants. The Court recommends Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), Dkt. 14, be

---

[1] As stated above, Defendants also argue that Plaintiff's allegation regarding cold meals is frivolous. Because the Court finds that Plaintiff fails to state a claim against any of the named Defendants, it declines to separately address any of the particular allegations raised.

GRANTED, and this case DISMISSED.  The Court recommends that the dismissal of the claims against Director Nance and King County be without prejudice.  However, because Sheriff Cole-Tindall lacks any responsibility for or authority over the events at issue, the Court recommends that the claims against her be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 8, 2024**.

Dated this 14th day of February, 2024.

S. KATE VAUGHAN
United States Magistrate Judge