UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD LEGRONE,<br><br>       Plaintiff,<br>  v.<br><br>KING COUNTY et al.,<br><br>       Defendants. | CASE NO. 2:23-cv-01102-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge S. Kate Vaughan, Dkt. No. 20, to which neither party has filed objections. As set forth below, the Court adopts the R&R and dismisses Plaintiff Donald LeGrone's complaint.

## I.  BACKGROUND

Mr. LeGrone, who is appearing pro se, brings this action under 42 U.S.C. § 1983, challenging the conditions of his confinement while he was confined at the King County

Correctional Facility ("KCCF"). Dkt. No. 7 at 6–7.[1] He names as Defendants King County; King County Sheriff Patricia Cole-Tindall; Allen Nance, Director of the Department of Adult and Juvenile Detention; and 20 Doe Defendants "[t]o be determined after completion of discovery." Dkt. No. 7 at 4–5.

Mr. LeGrone alleges that Defendants subjected him to cruel and unusual punishment during his confinement at KCCF from July 18, 2022 through April 18, 2023. *Id.* at 6. In Count I, he contends that, with the exception of a few weeks when he was given bottled water, he was forced to drink contaminated water "for months" while KCCF underwent water and plumbing problems. *Id.* at 6–7. In Count II, he alleges that he was not given clean clothes to wear for "30 or more days at a time," and was "forced to wear the same clothes and underwear for over a month at a time." *Id.* at 8. In Count III, he avers that he was given only cold food for his meals, and forced to remain in his cell and not allowed to shower "for more th[a]n 87 hours at a time." *Id.* at 9–10. He seeks $1,000,000 in damages. *Id.* at 11.

Defendants filed a motion to dismiss for failure to state a claim, arguing that Mr. LeGrone did not "identify any individual conduct" that violated his rights or a "*Monell* policy and practice claim against King County[.]" Dkt. No. 14 at 2. They further argued that Sheriff Cole-Tindall has no supervisory responsibility or authority over jail operations or conditions. *Id.* at 6. She is the chief officer of the County's Department of Public Safety, which is responsible for "keep[ing] and preserv[ing] the public peace and safety including all duties of the King County Sheriff's Office, except those duties relating to jails and inmates which are performed by other departments of county government." *Id.*; King County Code ("KCC") § 2.16.060(B) ("The department of public safety is responsible to keep and preserve the public peace and safety including the discharge of

---

[1] Mr. LeGrone is now confined at the Stafford Creek Corrections Center. *See* Jan. 12, 2024 Minute Order.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

all duties of the office of sheriff under state law, except those duties relating to jails and inmates which are performed by other departments of county government."). Defendants asserted that Director Nance's supervisory responsibility over King County's jail facilities is, by itself, insufficient to state a cause of action under Section 1983. Dkt. No. 14 at 6 (citing KCC § 2.16.120(A.1)). Mr. LeGrone did not respond to Defendants' motion to dismiss.

Judge Vaughan recommended dismissal of the claims against the individual Defendants because Mr. LeGrone "does not explain how either of the individual Defendants violated his rights or show a causal connection between their acts or omissions and the harm alleged." Dkt. No. 20 at 4 (noting that "Plaintiff, in fact, does not once mention either individual in describing his claims."). Judge Vaughan recommended dismissing the claims against King County as well because Mr. LeGrone "does not identify a King County custom or policy he believes caused him harm or set forth clear and specific facts demonstrating that a challenged custom or policy was the moving force behind the injury alleged." *Id.* at 5. Judge Vaughan concluded that Mr. LeGrone failed to state a claim of individual or municipal liability. *Id.* at 4–5. She recommended dismissal of Director Nance and King County without prejudice, and dismissal of Sheriff Cole-Tindall with prejudice because she "lacks any responsibility for or authority over the events at issue[.]" *Id.* at 6.

Judge Vaughan issued the R&R on February 14, 2024 and noted that objections were due within 21 days. *Id.* On March 12, 2024, Mr. LeGrone filed a Motion to Stay and Abate, requesting to "stay this motion and . . . a 45 day extension to properly respond to the Defendants['] FRCP 12(b) Rand Motion." Dkt. No. 21 at 1–2.[2] Because Judge Vaughan had already issued her R&R

---

[2] Defendants included a "Rand Notice" with their motion to dismiss notifying Mr. LeGrone that the motion, if granted, could "end [his] case" and that his "response to the motion, if any, must be filed with the court within the time frame noted in LCR 7(d)(3)." Dkt. No. 17 at 1–2; *see Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (requiring defendants to notify a "prisoner of his . . . rights and obligations under Rule 56," including the right to file documents opposing the motion, and to inform the prisoner of "the effect of losing on summary judgment.").

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

regarding Defendants' motion to dismiss, the Court construed Mr. LeGrone's request as seeking an extension of time to file objections to the R&R. Dkt. No. 22. The Court granted that request and extended the deadline to file objections to April 22, 2024. *Id.* Neither party filed objections.

## II. DISCUSSION

### A. Standards for Reviewing a Report and Recommendation

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### B. Standards for Motions to Dismiss

When deciding a motion under the Rule 12(b)(6) standard, a court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not survive a motion to dismiss).

C. **Mr. LeGrone Has Not Stated a Claim Against Defendants**

To state a claim for relief under Section 1983, Mr. LeGrone must show that (1) he suffered a violation of a right protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In addition, to establish a Section 1983 claim against the individual Defendants, Mr. LeGrone must allege facts showing how each individually named Defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (a plaintiff must show "personal participation in the alleged rights deprivation"). A defendant cannot be held liable under Section 1983 solely based on supervisory responsibility or position. *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020).

The Court agrees with Judge Vaughan that Mr. LeGrone has not alleged that Sheriff Cole-Tindall or Director Nance personally participated in causing the harm alleged. Dkt. No. 20 at 4. Their names do not appear in any of the allegations in the amended complaint. Dkt. No. 7 at 6–10. The amended complaint does not include any allegations against the 20 Doe Defendants either. *Id.* at 5–10. Mr. LeGrone has thus failed to state a claim against the individual Defendants.

Mr. LeGrone has not alleged that a King County policy, custom, or practice was the "moving force of the constitutional violation" he suffered. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *see also Oyenik v. Corizon Health Inc.*, 696 F. App'x 792, 794 (9th Cir. 2017). Mr. LeGrone has thus also failed to state a claim against King County.

1    The Court further agrees with Judge Vaughan that the claim against Sheriff Cole-Tindall
2  should be dismissed with prejudice. Dkt. No. 20 at 6. Mr. LeGrone seems to have named her as a
3  defendant based on his mistaken belief that she was responsible for jail conditions and/or for
4  supervising jail staff, but as Defendants note, she does not have that authority. Dkt. No. 14 at 6;
5  KCC § 2.16.060(B). Accordingly, the Court dismisses the claim against Sheriff Cole-Tindall with
6  prejudice. Because it is possible that the claim against Director Nance and King County could be
7  cured by amendment, the Court dismisses that claim without prejudice. *See, e.g.*, *Scollard v.*
8  *Stafford Creek Corr. Ctr.*, No. 3:22-cv-05851-LK-TLF, 2023 WL 3972304, at *3 (W.D. Wash.
9  June 12, 2023) (dismissing improper defendant with prejudice and other defendants without
10  prejudice).

11    Finally, the Court declines to grant Mr. LeGrone further leave to amend his complaint. A
12  court's discretion to deny further leave to amend is "particularly broad where, as here, a plaintiff
13  previously has been granted leave to amend." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879
14  (9th Cir. 1999). Mr. LeGrone has already amended his complaint once, Dkt. No. 7, and he did so
15  with the benefit of the Court's order explaining why his initial complaint failed to state a claim,
16  Dkt. No. 5 at 3–5. Despite this, Mr. LeGrone's amended complaint still fails to state a claim.
17  Furthermore, Mr. LeGrone has not sought leave to amend again, or responded to Defendants'
18  motion to dismiss or Judge Vaughan's R&R. There is no indication that he would respond if given
19  further leave to amend. For these reasons, the Court declines to allow further leave to amend. *See*
20  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (concluding that amendment
21  would be futile where plaintiffs already filed an amended complaint containing the same defects
22  as their original complaint and failed to state what additional facts they would plead if given leave
23  to amend, or what additional discovery they would conduct to discover such facts).

### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court ADOPTS the Report and Recommendation, Dkt. No. 20.

(2) Mr. LeGrone's claims against Director Nance and King County are DISMISSED without prejudice, and his claims against Sheriff Cole-Tindall are DISMISSED with prejudice.

The Clerk is directed to send uncertified copies of this Order to Judge Vaughan, all counsel of record, and Mr. LeGrone.

Dated this 17th day of May, 2024.

Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 7